UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN RANDOLPH TAYLOR                                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:18-CV-234-DPJ-JCG

SMITH & NEPHEW, INC.                                                                  DEFENDANT

ORDER

In this product-liability action, Defendant Smith & Nephew, Inc. ("S&N") moved to dismiss the Complaint under Federal Rules of Civil Procedure 8 and 12(b)(6). Plaintiff John Randolph Taylor subsequently sought leave to file a Fourth Amended Complaint. For the following reasons, Defendant's motion [54] is granted in part and moot in part, Plaintiff's motions [57, 59] are granted in part and denied in part, and Plaintiff is directed to file an amended complaint consistent with this Order.

I.    Background

This case arises from a hip-replacement surgery gone awry. Taylor received a hip implant, the components of which were "designed, manufactured, distributed, sold and/or placed into the stream of commerce" by S&N. Pl.'s Third Am. Compl. [23] ¶ 8. The implant only caused him more pain, so Taylor underwent a second surgery. *Id.* ¶ 9. As a result of these operations, Taylor filed suit against S&N alleging several product-liability claims. *See id.* ¶¶ 11–18.

Taylor now seeks to amend his complaint to clarify those claims. S&N concedes that the Proposed Fourth Amended Complaint "cure[s] some deficiencies in [Taylor's] pleadings, and the issues have been narrowed," but challenges the amendment as to Taylor's manufacturing-defect and implied-warranty claims. Def.'s Resp. [65] at 4; *see also* Def.'s Reply [70] at 2–3.

II.     Standard

Federal Rule of Civil Procedure 15(a)(1)(A) allows a party to amend a pleading as a matter of course within 21 days of serving the pleading. A party may amend a pleading outside this three-week window "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs that "[t]he court should freely give leave when justice so requires." *Id.* Indeed, "Rule 15(a) evinces a bias in favor of granting leave to amend." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Herrmann Holdings, Ltd v. Lucent Techs., Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)) (internal quotation marks omitted).

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). But "it is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)) (internal quotation marks omitted). Accordingly, "the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

A futility analysis is "identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *Thomas*, 832 F.3d at 590 (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010)). That is, the Fifth Circuit has interpreted "futility" to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Under the well-known Rule 12(b)(6) standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

2

678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible if the complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

III. Analysis

S&N's motion to dismiss originally challenged Taylor's Third Amended Complaint. Although Taylor seeks to amend the Third Amended Complaint, the Proposed Fourth Amended Complaint contains the same previously-challenged claims, just with more detail, and S&N's arguments rest on the same grounds. Accordingly, they will be addressed collectively.

A. Manufacturing-Defect Claim

In his Proposed Fourth Amended Complaint, Taylor alleges that the components in his hip implant "were defective in design and/or manufacture." Pl.'s Proposed Fourth Am. Compl. [59-1] ¶¶ 12, 15. S&N argues that the proposed complaint "does not identify which components deviated from specification" or "describe the alleged deviation[.]" Def.'s Resp. [65] at 4. Taylor replies that the complaint is sufficient, and he should be allowed to proceed to discovery to be more specific. Pl.'s Reply [71] at 3.

In Mississippi, the Mississippi Products Liability Act ("MPLA") "provides the exclusive remedy for products-liability claims[.]" *Elliot v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015) (footnote and internal quotation marks omitted). The MPLA applies "in any action for damages caused by a product, including, but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty, except for commercial damage to the product itself[.]" Miss. Code Ann. § 11-1-63. For manufacturing-defect claims, the statute provides that the plaintiff must show that, "at the time the product left the control of the manufacturer,"

3

> (i) . . . The product was defective because it deviated in a material way from the manufacturer's or designer's specifications or from otherwise identical units manufactured to the same manufacturing specifications[;] . . .
>
> (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>
> (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

*Id.* § 11-1-63(a). In other words, "manufacturing defect claims involve allegations not that the entire product line in question was defectively designed, but rather that the specific product purchased by the consumer was manufactured in a way which deviated from the design specifications." *Hickory Springs Mfg. Co. v. Star Pipe Prods., Ltd.*, 991 F. Supp. 2d 778, 780 (N.D. Miss. 2014). Accordingly, "a plaintiff must 'allege how the subject product(s) deviated from the manufacturers' specifications or other units.'" *Little v. Smith & Nephew, Inc.*, No. 1:15-CV-00028-GHD-DAS, 2015 WL 3651769, at *8 (N.D. Miss. June 11, 2015) (quoting *Adams v. Energizer Holdings, Inc.*, No. 3:12-CV-797-TSL-JMR, 2013 WL 1791373, at *3 (S.D. Miss. Apr. 19, 2013)).

Taylor's manufacturing-defect claim does not survive a Rule 12(b)(6) analysis. Crucially, there is no allegation of a deviation. The Proposed Fourth Amended Complaint merely alleges that the "components were defective in . . . manufacture" without any further explanation of what the defect was. *See* Pl.'s Proposed Fourth Am. Compl. [59-1] ¶¶ 12, 15. Taylor likewise fails to allege that the defect was due to a material deviation "from the manufacturer's or designer's specifications or from otherwise identical units manufactured to the same manufacturing specifications[.]" Miss. Code Ann. § 11-1-63(a)(i)(1). That is, the Proposed Fourth Amended Complaint does not even allege the elements of a manufacturing-defect claim, much less facts to plausibly support those elements. The Third Amended Complaint suffers the same flaws. Thus, S&N's motion to dismiss is granted as to Taylor's

manufacturing-defect claim contained in the Third Amended Complaint. Taylor's motions for leave to amend are denied as to this claim.

B.      Implied-Warranty Claims

As to Taylor's implied-warranty claims, S&N contends that "[i]mplied warranty is not a recognized cause of action under the MPLA." Def.'s Resp. [65] at 5. Taylor responds that the MPLA expressly authorizes such claims.

As noted, the MPLA is "the exclusive remedy for products-liability claims," *Elliot*, 181 So. 3d at 268, and it applies "in any action for damages caused by a product, including . . . any action based on a theory of . . . breach of implied warranty," Miss. Code Ann. § 11-1-63. Based on the statutory language, "in a case involving a product defect, . . . a claim for breach of an implied warranty would seem to be subsumed by the MPLA." *Elliot*, 181 So. 3d at 269 n.24.

But "[t]he fact that the MPLA provides the exclusive remedy for suits against a manufacturer, does not mean that common law . . . breach of warranty claims are disallowed. Instead, they must be evaluated under the framework of the MPLA." *Knoth v. Apollo Endosurgery US, Inc.*, No. 5:18-CV-49 DCB-MTP, 2019 WL 5865563, at *5 (S.D. Miss. Nov. 8, 2019) (internal citations omitted). Whether a breach-of-implied-warranty claim is cognizable is therefore a question of how the complaint is pleaded:

> Practically, where a common law claim is subsumed by the MPLA and is brought alongside products liability claims based on the same theory of recovery, the proper course is to dismiss the common law claim to the extent it is duplicative of the parallel products liability counts. To the extent a subsumed common law count is asserted as an independent tort claim outside the scope of the MPLA, the count must be dismissed for failure to state a claim.

*Young v. Bristol-Myers Squibb Co.*, No. 4:16-cv-00108-DMB-JMV, 2017 WL 706320, at *4 (N.D. Miss. Feb. 22, 2017) (internal quotation marks and citations omitted). In other words, if implied-warranty claims are "duplicative of already-pleaded products liability claims, they

5

should be dismissed." *Finch v. Pepperidge Farms, Inc.*, No. 1:18-cv-152-GHD-DAS, 2019 WL 302506, at *1 (N.D. Miss. Jan. 23, 2019) (citing *Young*, 2017 WL 706320, at *4).

In Counts I and II of the Proposed Fourth Amended Complaint, Taylor alleges design-defect and failure-to-warn claims. Taylor's implied-warranty claims are based on the same theories. For example, Taylor alleges that "[d]ue to the defective and unreasonably dangerous aforementioned hip components, it was [sic] neither of merchantable quality nor fit for the particular purposes for which it was [sic] sold[.]" Pl.'s Proposed Fourth Am. Compl. [59-1] ¶ 26. The "defective and unreasonably dangerous" quality of the products mirrors Taylor's theory of relief for his design-defect claim. *See, e.g.*, *id.* ¶ 15 ("Said hip components failed because they were defective in design and/or manufacture. These design and/or manufacture defects rendered the product unreasonably dangerous."). Additionally, Taylor alleges that S&N "never warned patients or physicians that its material selection . . . significantly increased the risk" of injury, but it "expressly and impliedly warranted the opposite[.]" *Id.* ¶ 29. These "aforementioned actions," Taylor says, "demonstrate a breach of the applicable implied and express warranties, including warranties of merchantability and fitness for a particular purpose." *Id.* ¶ 30. This theory of liability parrots Taylor's failure-to-warn claim.

Because Taylor's implied-warranty claims are "based on the same theory of recovery" as his products-liability claims, "the proper course is to dismiss the [implied-warranty] claim[s] to the extent" they are "duplicative of the parallel products liability counts." *Young*, 2017 WL 706320, at *4. S&N's motion to dismiss is granted as to Taylor's implied-warranty claims contained in the Third Amended Complaint. Taylor's motions for leave to amend are denied as to these claims.

C. Remaining Claims

In the Proposed Fourth Amended Complaint, Taylor also raises MPLA claims under design-defect, failure-to-warn, and express-warranty theories. S&N concedes that the Proposed Fourth Amended Complaint cures the deficiencies as to these claims. Def.'s Reply [70] at 2–3. Therefore, as to these claims, S&N's motion is moot, and Taylor's motions are granted.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the reasons stated, Defendant's motion to dismiss [54] is granted in part and moot in part. Plaintiff's motions for leave to file a Fourth Amended Compliant [57, 59] are granted in part and denied in part. Taylor is directed to file a Fourth Amended Complaint that omits the manufacturing-defect and breach-of-implied-warranty claims and allegations contained in the Proposed Fourth Amended Compliant. The Fourth Amended Complaint may include the same design-defect, failure-to-warn, and express-warranty claims and allegations that are contained in the Proposed Fourth Amended Complaint [59-1].

**SO ORDERED AND ADJUDGED** this the 5th day of December, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE